Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ROSE SALAIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFE STREETS USA LLC, a Delaware limited liability company,<br><br>Defendant. | Civil Action No.: 3:24-cv-00147<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ROSE SALAIZ, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant SAFE STREETS USA LLC ("Safe Streets" or "Defendant") to stop their illegal practice of placing unsolicited phone calls containing artificial or prerecorded voices to the telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

COMPLAINT                                    1                                    CASE NO. _____

# NATURE OF THE ACTION

1. Safe Streets USA is a company that sells home security systems. As a part of their marketing, Defendant placed thousands of phone calls to consumers whose phone numbers were registered on the Federal Do Not Call Registry. The phone calls also employed a prohibited artificial or prerecorded voice.

2. Defendant did not obtain express written consent prior to placing these unsolicited phone calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

6. By placing unwanted phone calls to people who have registered their phone numbers on the national database, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Rose Salaiz is a natural person and a citizen of El Paso, Texas.

9. Defendant is a limited liability company organized and existing under the laws of Delaware and can be served via its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute. The Court has supplemental jurisdiction over Plaintiff's Texas state law claims.

11. This Court has specific personal jurisdiction over Defendant because Defendant caused the violating phone calls to be placed to Plaintiff who has resides in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant sells home security systems to consumers.

14. Defendant sent out unsolicited phone calls soliciting Plaintiff and the putative class for its home alarm systems.

15. The phone calls played an artificial or prerecorded voice.

16. Defendant failed to obtain consent from Plaintiff and the Class prior to placing these phone calls.

17. Defendant also failed to check the Do Not Call registry prior to placing these phone calls.

## PLAINTIFF'S FACTUAL ALLEGATIONS

18. Plaintiff registered her personal cell phone (XXX) XXX-0895 on the National Do-Not-Call Registry on May 31, 2021, which was more than 31 days prior to receiving the alleged calls.

19. Plaintiff's telephone number 0895 is a residential number and is registered to a cellular telephone service.

20. Plaintiff's telephone number 0895 is not used for commercial purposes.

COMPLAINT 3 CASE NO. _____

21. Plaintiff uses telephone number 0895 for personal calls.

22. As part of marketing its services, Defendant placed telephone calls to thousands of consumers without consent.

23. The calls played an artificial or prerecorded voice advertising home security systems.

24. Plaintiff received at least two (2) unauthorized solicitation calls that played a prerecorded voice.

25. On January 5, 2024, at 12:23 PM, Plaintiff received the first call from Defendant's telemarketer from phone number (915) 944-2633.

26. Plaintiff answered and heard an artificial or prerecorded voice message soliciting home security systems.

27. Plaintiff was not interested and disconnected the call.

28. On January 9, 2024, at 9:30 AM, Plaintiff received the second call from Defendant's telemarketer from phone number (502) 916-9380. Plaintiff answered and heard the same artificial or prerecorded voice message from the first call soliciting home security systems.

29. Plaintiff engaged in the call for the sole purpose of identifying who was responsible for making illegal robocalls to her personal cell phone -0895.

30. The artificial or prerecorded voice message connected Plaintiff to a telemarketer named Adam.

31. Adam asked Plaintiff a series of qualifying questions provided by Defendant regarding a home security system.

32. Adam solicited Plaintiff for a home security system on behalf of Defendant for $74.99 per month.

33. Adam then transferred Plaintiff to a representative from Defendant named Steven.

34. Adam stated to Steven while transferring the call,

35. "Hi Steven, this is Adam good morning how are you? Uh Steven I have uh Rosie Salaiz on the line uh she's such a nice customer uh and she's looking for appointment afternoon time like five to seven in the evening time kindly take over the call and I'm sending you all the information alright?"

36. Steven accepted the call from Adam and solicited Plaintiff for a home security system from Defendant.

37. Defendant gives their telemarketer real time access to Defendant's sales systems to provide real time quotes and enter new customers' information.

38. Neither of the alleged calls were made to Plaintiff for emergency purposes.

39. On March 14, 2024, Plaintiff, through her attorney, sent a letter to Defendant notifying Defendant of the violation and requesting a copy of Defendant's Telemarketing Policy pursuant to 47 CFR § 64.1200(d)(1).

40. Plaintiff was harmed by the alleged calls. Plaintiff was temporarily deprived of legitimate use of her phone because the phone line was tied up during the telemarketing calls and her privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff. The alleged calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using her telephone for lawful purposes.

41. Defendant did not have any prior existing business relationship with Plaintiff.

42. Plaintiff did not give Defendant prior express written consent.

43. The phone calls Plaintiff received from Defendant were placed while knowingly ignoring the national do-not-call registry.

44. No emergency necessitated any of the phone calls.

45. Plaintiff has been harmed, injured, and damaged by the phone calls including, but not limited to, by incurring wasted time, aggravation, nuisance, anger, frustration, invasion of privacy, wear and tear on the phone, interference with the use of the phone, consumption of battery life, reduced device storage, reduced data plan availability, and forcing Plaintiff to charge the phone more often.

## CLASS ALLEGATIONS

46. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

**TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant called (3) using an artificial or prerecorded voice

**DNC Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant called twice within a twelve month period (3) without consent (4) to advertise their services

47. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

48. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

49. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited phone calls.

50. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

51. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class

as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

52. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the unsolicited phone calls were caused by Defendant;

   b. Whether the unsolicited phone calls promoted Defendant's products or services;

   c. Whether Defendant obtained written express consent prior to placing phone calls;

   d. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

53. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**
**(On behalf of Plaintiff and the TCPA Class)**

54. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55. John Doe placed telephone calls to Plaintiff's and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

56. The calls were made for the express purpose of soliciting customers for Shore's fast business capital loans.

57. When Plaintiff and the Class answered, the calls played an artificial or prerecorded voice message to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

58. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

59. Defendant and/or its agent made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

60. If the court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the DNC Class)**

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

63. Defendant placed unsolicited phone calls to Plaintiff's and the Class members' DNC-registered telephones without having their prior written consent to do so.

64. Defendant's actions agents constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

65. Defendant's soliciting phone calls were made for the commercial purpose of selling home alarm systems to consumers.

66. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages.

67. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

68. Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

### THIRD CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy
### (On behalf of Plaintiff and the DNC Class)

69. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

70. 47 CFR 64.1200(d)(1) requires that Defendant maintain a written telemarketing policy.

71. Defendant solicited Plaintiff and the class without maintaining a written telemarketing policy, resulting in violations against Plaintiff.

72. Plaintiff mailed Defendant a letter requesting its written telemarketing policy, but Plaintiff did not receive a response.

73. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages.

74. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

75. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

76. Plaintiff also seeks a permanent injunction requiring Defendant to maintain a written telemarketing policy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ROSE SALAIZ, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 227(b) and 227(c) of the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

D. An injunction requiring Defendant to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 29, 2024　　　　　　　Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*